## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**LANA CANNON,**

    **Plaintiff,**

**v.**                          **CASE NO.:**

**SOUTHWEST AIRLINES COMPANY,**

    **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LANA CANNON (hereinafter "Ms. Cannon" or "Plaintiff"), by and through undersigned counsel, hereby brings this action against Defendant, SOUTHWEST AIRLINES COMPANY (Hereinafter "Southwest," "the Company," or "Defendant"). In support of her claims, Plaintiff states as follows:

### INTRODUCTION

1.    This is an action for damages, exclusive of interest, fees, and costs, and for declaratory relief, for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and its implementing Regulations; the Americans with Disabilities Act ("ADA");

and Chapter 760 of the Florida Statutes, the Florida Civil Rights Act of 1992, as amended, § 760.10 *et seq.* ("FCRA"). In addition, Plaintiff seeks to redress violations by Defendant of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA") and the Workers' Compensation Law §440.205 Florida Statutes.

2.    As further set forth below, Plaintiff alleges that Defendant unlawfully discriminated and retaliated against her by altering the terms, conditions, and privileges of her employment because of her disability in violation of her rights under Title VII, the ADA, the FCRA. Further Plaintiff alleges that Defendant unlawfully retaliated against her for exercising her statutorily protected rights under the FMLA and §440.205 Florida Statutes.

3.    As a direct and proximate result of unlawful actions, Plaintiff has suffered actual damages: loss of income, loss of opportunity for future income, loss of benefits, and loss of future pay increases. In addition, she has suffered and continues to suffer the loss of her professional and personal reputation, emotional distress, mental anguish, embarrassment, and humiliation.

4.    Plaintiff has incurred costs and attorney's fees in bringing this matter.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. §1367(a) and the principles of pendent jurisdiction.

6.     This Court has jurisdiction to grant declaratory relief, declare the rights and legal relations of the parties, and order further relief pursuant to 28 U.S.C. §§ 2201 and 2202.

7.     Venue is proper in the United States District Court for the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims herein occurred within this District and Division and pursuant to 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices out of which Plaintiff's claims herein arise were committed within this District and Division. All facts and circumstances arising from this dispute took place in Orange County, Florida.

## PARTIES

8.     The Plaintiff is a fifty-two-year-old female diagnosed with a chronic stomach disorder that resides in Polk County, Florida.

9.     Plaintiff is a member of a class protected against discrimination and retaliation based on her disability under Title VII, the ADA, and the FCRA.

10.     During the period from June 27, 2014, until July 17, 2021, Defendant employed Plaintiff.

11.     At all times material herein, Plaintiff met the definitions of "employee" and "eligible employee" under all applicable federal and state statutes.

12.     At all times material herein, Plaintiff was an employee entitled to protection as defined by Title VII, the ADA, the FCRA, the FMLA and the Workers' Compensation Law §440.205 Florida Statutes.

13.     Defendant is a Foreign Profit Corporation with its principal Corporate Headquarters located at 2702 Love Field Drive, Dallas, Texas 75235-1908.

14.     At all times material herein, Defendant regularly conducted, and continues to conduct, business throughout Orange County, Florida.

15.     At all times material herein, Defendant met, and continues to meet, the definitions of "employer" under all applicable federal and state statutes including, but not limited to, Title VII, the ADA, the FCRA, the

FMLA, and the Workers' Compensation Law §440.205 Florida Statutes.

16.     Accordingly, Defendant is liable under Title VII, ADA, the FCRA, the FMLA, and the Workers' Compensation Law §440.205 Florida Statutes for the unlawful discrimination and retaliation to which it subjected Plaintiff.

## ADMINISTRATIVE PREREQUISITES

17.     Plaintiff has properly exhausted all administrative prerequisites prior to filing the instant lawsuit.

18.     On May 23, 2022, Plaintiff timely dual filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") against Defendant alleging, among other things, discrimination based on her disability and retaliation. A true and accurate copy of Plaintiff's Charge of Discrimination, dated May 23, 2022, is attached hereto, and incorporated herein as **Exhibit "A."**

19.     On January 20, 2023, the EEOC issued Plaintiff a Notice of Right to Sue in reference to her Charge of Discrimination (EEOC Charge No. 5 10-2022-05073) against Defendant. A true and accurate copy of the EEOC's Notice of Right to Sue, dated January 20, 2023, is attached hereto, and

incorporated herein as **Exhibit "B."**

20.     More than one hundred eighty (180) days have elapsed since the filing of Plaintiff's Charge of Discrimination and the FCHR has not conciliated or determined whether there is reasonable cause. Therefore, Plaintiff is also entitled to bring her FCRA claims in the instant civil action against Defendant and jurisdiction is proper in this Court. See §§ 760.11(4)(a) and 760.11(8), Florida Statutes.

21.     All conditions precedent to bringing this action have been performed or have occurred.

## FACTUAL ALLEGATIONS

22.     On June 27, 2014, Southwest hired Ms. Cannon as a Flight Attendant. During her employment, Ms. Cannon had a management rotation that included Rebecca Rivers, Mary Hagan, and Curt Meschke. There were no issues or concerns regarding Ms. Cannon's employment under the supervision of either Ms. Rivers or Ms. Hagan. However, that all changed when Mr. Meschke became Ms. Cannon's supervisor.

23.     In 2015, after working for Southwest for a year, Ms. Cannon applied for and received intermittent FMLA Leave to help manage her chronic stomach disorder.

24.     Ms. Cannon's leave permitted her to be absent three times a month for a period of 3-4 days at a time.

25.     Ms. Cannon followed all the appropriate procedures to have this leave renewed annually.

26.     On July 20, 2020, Ms. Cannon suffered a work-related injury when she fell and dislocated her shoulder and fractured a humorous bone. As a result of her work-related injuries, Ms. Cannon missed work on a worker's compensation leave until February 23, 2021.

27.     Upon returning to work, Ms. Cannon still suffered from her chronic stomach disorder and Southwest refused to accommodate Ms. Cannon's needed leave, stating that she was no longer eligible for FMLA leave due to lack of hours worked while on a worker's compensation leave.

28.     As a result of Southwest failure to accommodate Ms. Cannon's reasonable accommodation for requested leave, with or without FMLA protection, Ms. Cannon began accumulating occurrence points.

29.     On June 19, 2021, Ms. Cannon let Shannon Mulcahy know that she did not feel well.

30.     On June 21, 2021, Ms. Cannon visited Concentra due to her illness related to an irritable bowel syndrome ("IBS") flare up. Due to Ms.

Cannon's symptoms Concentra's doctor excused Ms. Cannon from work until June 23, 2021.

31.    On June 25, 2021, Ms. Cannon returned to Concentra and Concentra's doctor excused Ms. Cannon from work for an undisclosed period stating, "cannot determine today." Concentra related Ms. Cannon's June 25, 2021, visit back to her June 21, 2021, noting symptoms S/P IBS flare up.

32.    Ms. Cannon submitted these notes to Southwest's Attendance and Leave Department, and they sent her an email stating that they no longer accept doctors' notes, and that Ms. Cannon would have to send them to her base, which she did.

33.    On June 27, 2021, Ms. Cannon sent an email stating that she had to call out again due to being congested and getting worse. Curt Meschke replied stating, "I'm sorry you are still not well. Since we have verified your illness with the Company physician recently, you do not have to go again. Please give us a call should you have any further questions."

34.    On July 2, 2021, Ms. Cannon sought treatment from Gessler Clinic PA. Heather Perry, APRN provided Ms. Cannon with a note stating, "Lana Cannon has been under my care from 07/02/2021 to 07/06/2021. She

will be permitted to return to work on 07/07/2021."

35.     Despite submitting a Doctor's Statement to her base supervisor clearly outlining a single continuous occurrence of illness from June 20, 2021, through July 4, 2021 – 14 days – Southwest assessed Ms. Cannon with six (6) accumulated points.

36.     On July 17, 2021, Ms. Cannon reported for duty prior to the departure of her scheduled flight without her badge to get through security.

37.     Ms. Cannon called scheduling, as required, and asked for assistance to get through security so that she could make her flight. Scheduling placed Ms. Cannon on hold to speak to her supervisor and returned to the call and stated that her supervisor had instructed them to mark her as a no-show and not do anything to assist her with getting through security.

38.     Despite being on-site with the ability to replace the Airport Standby (APSB), Reserve, or rescheduled Flight Attendant without causing a delay – because Southwest has procedures and spare equipment in place at the base where a flight attendant, if they had inadvertently left an item, can replace them so that the flight attendant can still make their flight – Southwest did not allow Ms. Cannon to work her original assignment and

instead assigned Ms. Cannon 2 ½ points for a no-show occurrence. However, under Article 32 this 2 ½ point assignment should have been reduced to one point for a failure to report occurrence.

39.    This no-show designation placed Ms. Cannon at the requisite number of points for termination. At which time, Mr. Meschke immediately terminated Ms. Cannon's employment stating that she had the requisite number of points to do so and that he had issues with her work performance, which he never disclosed.

40.    On July 19, 2021, Mary Hagan, provided Ms. Cannon with a Notice of Disciplinary Action regarding the Attendance Policy for Southwest Airlines Flight Attendants, as set forth in Article 32 of the CBA notifying Ms. Cannon of her termination of employment due to her point accumulation equaling 13.5.

41.    However, in reviewing her points, it became clear that Southwest had not followed their own protocols for calculating the points. Had Southwest followed their own bargained for procedures, Ms. Cannon would not have reached the requisite number of points needed for termination.

42.    On July 19, 2021, Ms. Cannon submitted a written grievance

related to Southwest's Disciplinary Notice, which prompted a fact-finding meeting.

43.     Following Ms. Cannon's fact-finding meeting, Mr. Meschke applied Ms. Cannon's July 2, 2021, Doctor's note to remove 1-1/2 points for her sick calls on July 2, 3, and 4, 2021." This 1-1/2 point reduction dropped Ms. Cannon's accumulated points total from 13.5 to 12.

44.     Following this point reduction, Ms. Cannon still received a total of 4.5 accumulated points for her absences between June 20, 2021, and July 4, 2021, despite their being a bargained for agreement of a maximum of 2.5 points being assessed for a single continuous occurrence of illness.

45.     Had Southwest simply adhered to the Attendance Control Procedure outlined in the CBA Ms. Cannon's accumulated points for July 2021 would have only totaled ten and one half (10.5) rather than the twelve (12) Southwest assigned her.

46.     Furthermore, had Southwest simply accommodated Ms. Cannon's need for intermittent time to accommodate her chronic stomach disorder, Ms. Cannon would not have accumulated any points towards termination.

## COUNT I
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## EMPLOYMENT DISCRIMINATION ON THE BASIS OF DISABILITY
### (Failure to Accommodate)

47.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 46 as though fully set forth herein.

48.     Plaintiff is a member of a protected class under Title VII.

49.     The denial of Plaintiff's request for accommodation and subsequent termination were unlawful acts of discrimination and retaliation in violation of the applicable provisions of Title VII.

50.     Defendant's actions were willful and done with malice.

51.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     An injunction restraining continued violation of Title VII by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to

Plaintiff's prior position, or in the alternative, front pay;

(e)     Any other compensatory damages, including emotional distress, allowable at law;

(f)     Prejudgment interest on all monetary recovery obtained.

(g)     All costs and attorney's fees incurred in prosecuting these claims; and

(h)     For such further relief as this Court deems just and equitable.

## COUNT II
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## EMPLOYMENT DISCRIMINATION ON THE BASIS OF DISABILITY
### (Disparate Treatment)

52.     Plaintiff realleges and readopts the allegations of paragraphs 1 through 46 as though fully set forth herein.

53.     Plaintiff is a member of a protected class under Title VII.

54.     Defendant's aforementioned conduct subjected Plaintiff to disparate treatment based on her disability.

55.     The disparate treatment to which Plaintiff was subjected based on her disability evinces Defendant's hostility towards disabled persons and constitutes unlawful discrimination in violation of Title VII.

56.     Defendant's actions were willful and done with malice.

57.     Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a)     A jury trial on all issues so triable;

(b)     An injunction restraining continued violation of Title VII by Defendant;

(c)     Compensation for lost wages, benefits, and other remuneration;

(d)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(e)     Any other compensatory damages, including emotional distress, allowable at law;

(f)     Prejudgment interest on all monetary recovery obtained.

(g)     All costs and attorney's fees incurred in prosecuting these claims; and

(h)     For such further relief as this Court deems just and equitable.

## <u>COUNT III</u>
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### FMLA Retaliation

58.     Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

59.     The prohibitions against interference with the exercise of rights, discrimination, and interference with proceedings or inquiries described in the FMLA, 29 U.S.C. § 2615, apply to employers with respect to eligible employees taking, or attempting to take, leave under the FMLA.

60.     Under the FMLA, it is unlawful for an employer to take action against an employee because the employee exercises her FMLA rights. The FMLA prohibits an employer from "discharg[ing] or in any other manner discriminat[ing] against any individual" for asserting her rights under the FMLA. 29 U.S.C. § 2615(a)(2).

61.     As more particularly alleged hereinabove, at all times material herein, Plaintiff was and is an "eligible employee" and Defendant was and is an "employer" within the meaning of the FMLA.

62.     Plaintiff engaged in statutorily protected activity by using intermittent FMLA as a qualified employee under the FMLA, thereby

exercising her rights to take leave under the FMLA.

63.    The Defendant knew or should have known that Plaintiff exercised her rights under the FMLA and was aware of Plaintiff's right to protected leave under the FMLA.

64.    Defendant violated the FMLA and retaliated against Plaintiff by, among other things; terminating Plaintiff's employment under false pretenses.

65.    Defendant terminated Plaintiff in retaliation for her protected activity.

66.    A causal connection exists between Plaintiff requesting, taking and/or attempting to take FMLA leave and Defendant's adverse employment actions and ultimate decision to terminate Plaintiff's employment.

67.    As more particularly alleged herein above, Defendant terminated Plaintiff without a legitimate nondiscriminatory basis for the decision.

68.    Defendant's aforementioned actions and omissions constitute violations of the FMLA.

69.    As a direct and proximate result of Defendant's retaliatory and

unlawful conduct, Plaintiff has suffered, continues to suffer, and will suffer damages including, but not limited to, lost wages, salary, employment benefits and other compensation lost by reason of Defendant's unlawful conduct in violation of the FMLA and, as such, is entitled to legal relief.

70.     In addition, Plaintiff is entitled to appropriate equitable relief including employment reinstatement. 29 U.S.C. § 2617(a)(1)(B).

71.     Further, Plaintiff is entitled to liquidated damages as Defendant did not act in good faith and had no reasonable grounds for believing that it was not violating FMLA. 29 U.S.C. § 2617(a)(1)(A)(iii).

72.     Finally, Plaintiff is entitled to reasonable attorney's fees, reasonable expert witness fees, and other costs of the action. 29 U.S.C. § 2617(a)(3).

**WHEREFORE**, the Plaintiff, LANA CANNON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SOUTHWEST AIRLINES COMPANY, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

> (a)     Grant judgment in favor of Plaintiff and declare that Defendant violated the FMLA and engaged in unlawful conduct and employment practices prohibited by the

FMLA in that Defendant demoted, discharged, discriminated against and/or retaliated against Plaintiff for taking leave under the FMLA and exercising her rights under the FMLA;

(b)     Award damages to Plaintiff for lost wages, salary, employment benefits, and all other compensation denied or lost resulting from Defendant's unlawful conduct and employment practices in violation of the FMLA, and to otherwise make her whole for any losses suffered because of such unlawful employment practices in violation of the FMLA;

(c)     Award Plaintiff liquidated damages as recoverable under the FMLA and as consistent with law;

(d)     Award Plaintiff pre- and post-judgment interest calculated at the prevailing rate, as provided by law;

(e)     Award Plaintiff her attorneys' fees, reasonable expert witness fees, and the costs of this action; and

(f)     Grant such other and further relief as this Court may deem equitable, just, and proper.

<u>COUNT IV</u>
**VIOLATION OF FLORIDA CIVIL RIGHTS ACT,**
**FLORIDA STATUTES §§ 760.01-11**
**Disability Discrimination**

73.  Plaintiff alleges, realleges, and incorporates by reference all allegations set forth in each of the preceding Paragraphs 1 through 46 of this Complaint as though fully set forth herein.

74.  Plaintiff is a fifty-two-year-old female diagnosed with a chronic stomach disorder.

75.  At all times material herein, Defendant employed Plaintiff and Defendant was and is an "employer" within the meaning of the FCRA.

76.  Defendant is a "person" within the meaning of the FCRA, § 760.02(6), Florida Statutes, in that the definition includes "an individual, association, corporation, joint apprenticeship committee, joint-stock company, labor union, legal representative, mutual company, partnership, receiver, trust, trustee in bankruptcy, or unincorporated organization; any other legal or commercial entity; the state; or any governmental entity or agency." § 760.02(6), Florida Statutes.

77.  At all times material herein, Defendant was and is an "employer" within the meaning of the FCRA. § 760.02(7), Florida Statutes.

78.   At all times material herein, Plaintiff's coworkers discriminated against Plaintiff because of her disability.

79.   Defendant, as Plaintiff's employer, was obligated to guard against the discrimination of Plaintiff by her co-workers, supervisors, managers, and other persons and to protect Plaintiff from discrimination in the workplace.

80.   However, Plaintiff, was subjected to discrimination because of her disability through disparate treatment, a failure to accommodate, and other discriminatory treatment by Defendant and its employees, supervisors, managers, and other agents as more particularly alleged hereinabove.

81.   Plaintiff believed that her coworkers' offensive acts materially altered the terms and conditions of her employment. Further, Defendant's acts materially altered the terms and conditions of Plaintiff's employment.

82.   Plaintiff did not welcome the disparate treatment and did not directly or indirectly invite or solicit disparate treatment by her own acts or statements.

83.   At all times material herein, Defendant knew, or in the exercise of reasonable care should have known, about Plaintiff's coworkers'

discrimination of Plaintiff, but did not take prompt remedial action to eliminate the discrimination.

84.    Defendant violated the FCRA by, among other things, failing to promptly correct the disparate treatment and discriminatory conduct toward Plaintiff once it learned of it and by subjecting Plaintiff to disparate treatment because of her disability.

85.    Plaintiff, by being subjected to this disparate treatment and discrimination created by Defendant, was unreasonably and negatively affected in the terms, conditions, and privileges of her employment with Defendant.

86.    The conduct of Defendant, by and through its employees, supervisors, managers, and other agents, and Defendant's failure to exercise reasonable care to prevent and/or to take prompt and effective investigative and remedial action to prevent the disparate treatment and discrimination of Plaintiff, deprived her of statutory rights under the FCRA.

87.    As a direct, proximate, and foreseeable result of Defendant's aforementioned actions and omissions, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; (c) noneconomic damages, including, but

not limited to, pain and suffering, mental anguish, loss of dignity, loss of the capacity for the enjoyment of life, and irreparable damages to her family and relationships; and (d) other economic losses proximately caused and allowable under the FCRA, according to proof.

**WHEREFORE**, the Plaintiff, LANA CANNON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SOUTHWEST AIRLINES COMPANY, and in favor of Plaintiff, and respectfully requests that this Court grant the following relief:

(a)   Grant judgment in favor of Plaintiff and declare that Defendant has violated the FCRA by discriminating against Plaintiff based on her disability;

(b)   Award sufficient remedial relief to make Plaintiff whole for the individual loss that she has suffered because of Defendant's discrimination against her, including, but not limited to, front pay in lieu of reinstatement, full backpay with interest, pension and related benefits, and any other appropriate nondiscriminatory measures to overcome the effects of the discrimination she has endured;

(c)   Award compensatory damages to Plaintiff in a sum that

will properly and completely compensate Plaintiff for the nature, extent, and duration of the injuries and damages caused by Defendant's discriminatory conduct and actions, pursuant to and within the statutory limitations of the FCRA;

(d)   Award Plaintiff all other damages available under the FCRA, including, but not limited to, the damages set forth above and other economic losses proximately caused and allowable under the FCRA, according to proof;

(e)   Award Plaintiff pre- and post-judgment interest;

(f)   Award Plaintiff her attorneys' fees, including litigation expenses, and the costs of this action; and

(g)   Grant such other and further relief as this Court may deem equitable, just, and proper.

## COUNT V
## WORKER'S COMPENSATION RETALIATION

88.   Plaintiff re-alleges and re-adopts paragraphs 1 through 46 of this Complaint as if fully set forth herein.

89.   Plaintiff brings an action under the Workers' Compensation Law

§440.205, Florida Statutes, for unlawful retaliation.

90.     On July 21, 2020, Ms. Cannon suffered a work-related injury when she fell and dislocated her shoulder. As a result of the dislocated shoulder, Ms. Cannon missed work on a worker's compensation leave until February 23, 2021.

91.     Upon returning to work, Ms. Cannon still suffered from her chronic stomach disorder and Southwest refused to accommodate Ms. Cannon's needed leave, stating that she was no longer eligible for FMLA leave due to lack of hours worked while on a worker's compensation leave.

92.     As a result of Southwest failure to accommodate Ms. Cannon's reasonable accommodation for requested leave, with or without FMLA protection, Ms. Cannon began accumulating occurrence points.

93.     On July 19, 2021, Mary Hagan, provided Ms. Cannon with a Notice of Disciplinary Action regarding the Attendance Policy for Southwest Airlines Flight Attendants, as set forth in Article 32 of the CBA notifying Ms. Cannon of her termination of employment due to her point accumulation equaling 13.5.

94.     Had Southwest simply adhered to the Attendance Control Procedure outlined in the CBA Ms. Cannon's accumulated points for July

2021 would have only totaled ten and one half (10.5) rather than the twelve (12) Southwest assigned her.

95.    Furthermore, had Southwest simply accommodated Ms. Cannon's need for intermittent time to accommodate her chronic stomach disorder, Ms. Cannon would not have accumulated any points towards termination.

96.    Plaintiff's termination was a retaliatory action taken by Defendant against Plaintiff for seeking worker's compensation benefits in violation of § 440.205, Florida Statutes.

97.    As a direct, proximate, and foreseeable result of Defendant's termination of Plaintiff, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other tangible and intangible damages. These damages that have occurred in the past, are permanent and continuing.

**WHEREFORE** Plaintiff, LANA CANNON, requests trial by jury of all issues so triable as of right, demands judgment against the Defendant, SOUTHWEST AIRLINES COMPANY, and requests this Honorable Court

enter an Order making her whole by awarding the following relief:

    (a)    Compensation for lost wages, benefits, and other remuneration;

    (b)    Front pay;

    (c)    Compensatory damages, including emotional distress, allowable at law;

    (d)    Prejudgment interest on all monetary recovery obtained;

    (e)    Damages for all employment benefits she would have received but for the discriminatory acts and practices of Defendant;

    (f)    Reasonable attorney's fees and costs incurred in this action as provided in Section 760.11(5), Florida Statutes; and

    (g)    For such further relief as the Court deems just and equitable.

## **DEMAND FOR TRIAL BY JURY**

Plaintiff respectfully requests a trial by jury.

Dated this 20th day of April 2023.

*/s/ Jason W. Imler, Esq*
Jason W. Imler
Florida Bar No. 1004422

26

**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(P): 813-553-7709
Jason@ImlerLaw.com